**KINNETT DAIRIES, INC.,**
**Plaintiff-Appellant,**

v.

**DAIRYMEN, INC., Defendant-Appellee.**

No. 81–7308.

United States Court of Appeals,
Eleventh Circuit.

Sept. 19, 1983.

Consuelo S. Woodhead, Blecher & Collins, Maxwell M. Blecher, Marcheta Lee Gillam, Los Angeles, Cal., Albert W. Stubbs, Hatcher, Stubbs, Land, Hollis & Rothschild, Columbus, Ga., for plaintiff-appellant.

William A. Carey, Barnett & Alagia, John F. Sherlock, III, William S. Glading, Washington, D.C., W.M. Page, Page, Scranton, Harris, McGlamry & Chapman, Columbus, Ga., for defendant-appellee.

Before TJOFLAT and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

The facts of this case are reported in detail in the excellent district court opinion of Judge Bootle. *Kinnett Dairies, Inc. v. Dairymen, Inc.,* 512 F.Supp. 608 (M.D.Ga. 1981). We affirm that opinion. Appellant Kinnett Dairies raises on appeal only two arguments worthy of discussion. Both arguments are based on *United States v. Dairymen, Inc.,* 660 F.2d 192 (6th Cir.1981), which involved the same defendant present in this case and similar contentions of antitrust violations. In that case the Court of Appeals for the Sixth Circuit reversed the district court on two grounds, both of which Kinnett urges as grounds for reversal here.

The Sixth Circuit's first ground for reversal was that the district court used an overly stringent test of predation to evaluate the conduct of Dairymen, Inc. (D.I.). The court rejected this test, and remanded the case to the district court to determine whether D.I. possessed an intent to smother competition. Kinnett argues that the district court in this case also used an overly stringent test of predation and did not fo-

cus on Dairymen's intent. To the contrary, the district court specifically held that D.I. had "no conscious intent to stifle or smother competition . . . ." *Id.* at 643. Moreover, the district court throughout its opinion used the term "predatory" in its broadest sense. *E.g.,* 512 F.Supp. at 633· (certain activities "not predatory in any sense of the word"). Thus, Kinnett's reliance on *United States v. Dairymen, Inc.,* in support of its first ground for reversal is misplaced.

█ The Sixth Circuit remanded also for the district court to determine "relevant geographic submarkets on the basis of commercially significant areas in which D.I. operated and in which D.I.'s customers could turn to other suppliers." This is the test set forth in *Tampa Electric Co. v. Nashville Coal Co.,* 365 U.S. 320, 327, 81 S.Ct. 623, 628, 5 L.Ed.2d 580 (1961), which case the Sixth Circuit cited. 660 F.2d at 192. Kinnett argues that we should remand in this case because as in the Sixth Circuit case, the district court failed to consider relevant submarkets. It is true that the district court rejected Kinnett's proposed submarkets, and that as an *additional reason* for such rejection quoted from now-reversed language of the district court in *United States v. Dairymen, Inc.* However, the court's major and independent reason for rejecting Kinnett's submarket arguments was the failure of the proposed submarkets to coincide even closely with those resulting from the court's application of the *Tampa Electric* test, the very test the Sixth Circuit ordered the district court in that case to apply. The district court in this case having applied the *Tampa Electric* test, it would of course serve no purpose to remand for application of that test. Thus, we reject Kinnett's second argument.

Finding no merit in any of Kinnett's arguments on appeal, we affirm.

AFFIRMED.

LEWIS R. MORGAN, Senior Circuit Judge, dissenting.

I respectfully dissent. The district court plainly held that the Capper-Volstead Act, 7 U.S.C. § 291, grants full immunity from section 2 of the Sherman Act, 15 U.S.C. § 2, to a dairy cooperative unless it engages in predatory conduct. *Kinnett Dairies, Inc. v. Dairymen, Inc.,* 512 F.Supp. 608 (M.D.Ga. 1981). Although a precise definition of "predatory" was never articulated in his opinion, the district judge held Kinnett Dairies to a higher standard of proof than a non-agricultural business organization would have faced in a similar antitrust action. The majority now affirms the district court's use of this standard and avoids any detailed examination of the issue by reasoning that the district court "used the term 'predatory' in its broadest sense." 715 F.2d at 521. I believe the district court erred by requiring Kinnett Dairies to prove *any* predatory conduct in support of its claims of monopolization and attempt to monopolize under section 2 of the Sherman Act.

The immunization granted to agricultural cooperatives by the Capper-Volstead Act extends only to association and combination activities of agricultural producers. A cooperative is treated as a single entity, not as an association of competitors. In other words, "an agricultural cooperative can wilfully attain a monopoly through the voluntary enrollment of its members, or through a voluntary combination with other cooperatives." *United States v. Dairymen, Inc.,* 660 F.2d 192, 194 (6th Cir.1981); *Alexander v. National Farmers Organization,* 687 F.2d 1173 (8th Cir.1982). On the other hand, the competitive activities of the cooperative entity are not immunized. "[F]armers may act together in a cooperative association, and the *legitimate objects* of mutual help may be carried out by the association without contravening the antitrust laws, but . . . otherwise, the association acts as an entity with the same responsibility under section 2 of the Sherman Act as if it were a private business corporation." *North Texas Producers Association v. Metzger Dairies, Inc.,* 348 F.2d 189 (5th Cir.1965), *cert. denied,* 382 U.S. 977, 86 S.Ct. 545, 15 L.Ed.2d 468 (1966). Thus, the district court erred in concluding that Dairymen, Inc., as an agricultural cooperative, is immunized from section 2 liability absent a showing of predatory conduct.

As an alternative basis for his decision, the district judge considered the various

claims of Kinnett Dairies as if Capper-Volstead immunity was not applicable. He concluded that Dairymen, Inc., did not monopolize or attempt to monopolize as alleged in the complaint. While this conclusion would normally provide an independent basis for affirmance, I believe the case should be remanded for more detailed findings under this same analysis. The district judge relied heavily on the findings and decision in *United States v. Dairymen, Inc.,* Trade Reg.Rep. ¶ 62,053 (W.D.Ky.1978), and that case has since been reversed by the Sixth Circuit. *United States v. Dairymen, Inc.,* 660 F.2d 192 (6th Cir.1981). Moreover, the district judge summarily concluded that there was no evidence of specific intent which is necessary to establish a claim of attempt to monopolize. I would hold this conclusion to be plain error based on the evidence and factual conclusions cited in the district court's opinion as it presently reads. The fact that a business practice is not predatory does not eliminate the possibility of an unlawful intent. *Alexander v. National Farmers Organization,* 687 F.2d at 1183. For these reasons, I would vacate and remand the lower court's opinion.